AE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LABOR MANAGEMENT )
COOPERATION COMMITTEE OF )
CHICAGO, )
)
      Plaintiff, )
)
vs. ) No. 05 C 2850
)
COMTEL TECHNOLOGIES, INC., )
)
      Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Labor Management Cooperation Committee of Chicago brought this action against defendant ComTel Technologies, Inc., and seeks to enforce an arbitration award issued by the Electrical Joint Arbitration Board (EJAB) against defendant. Plaintiff has moved for summary judgment, and defendant claims that before it responds it requires additional documents from plaintiff. Plaintiff opposes further discovery. For the following reasons, defendant's request for production is granted in part and denied in part.

Defendant has requested four categories of documents: (1) documents that support the arbitration award, including documents submitted, considered, or relied upon at the arbitration hearing; (2) documents that detail payments made by defendant to plaintiff or any agent of plaintiff from 2000 to the present; (3) documents that detail settlement payments made by defendant to other parties in another case; and (4) documents that reflect proof of notice of the hearing. Documents reflecting proof of notice have been produced, and the final category is no longer in dispute.

Defendant's conduct before the EJAB plays a significant role in the resolution of its

discovery requests. It did not move to vacate the EJAB arbitration award within the 90-day post-decision time period, which precludes it from challenging the validity of the award. *See* McKinney Restoration, Co. v. Ill. Dist. Coun. No. 1, 392 F.3d 867, 869 (7th Cir. 2004), 710 ILCS 5/12(b) (2005). Plaintiff contends that defendant will nevertheless use the documents sought in the first discovery request to challenge the validity of the arbitration award. In response, defendant argues that it requires the documents to identify factual disputes, and not to challenge the validity of the award. Defendant also identifies two documents it claims it needs before filing its response to plaintiff's motion for summary judgment.

Turning to the documents sought in the first request, defendant initially states that it is unclear if plaintiff has produced the actual arbitration award. The administrative hearing took place on June 24, 2004, and in a letter dated June 25, 2004, the EJAB informed defendant that it had violated a provision of the relevant collective bargaining agreement, and directed defendant to pay a penalty of $50,000 within 30 days of receiving the letter. Defendant does not dispute that it possesses the June 25 letter,[1] but it contends that plaintiff's use of the term, "June 24, 2004 arbitration award," implies the existence of another written order. Even though it seems as if the June 25 letter merely commemorates the June 24 award,[2] defendant's request is granted. The document request is of an extremely limited scope, and defendant is entitled to know the precise terms of the award. Further, in seeking to ascertain the terms and the conditions of the award, defendant does not challenge its validity and avoids the issue of waiver. If no additional arbitration award exists, and the June 25, 2004, letter is the official

---

[1] On June 28, 2004, Mallar Solai, president and CEO of ComTel, faxed a memorandum to the EJAB that acknowledged receipt of the June 25th letter and stated that the EJAB decision was "incorrect." *See* plf. exh. C.

[2] Paragraph 8 of plaintiff's statement of facts begins, "The June 24, 2004 arbitration award," and then quotes the last paragraph of the June 25 letter, which suggests that no other arbitration award exists.

written order, then no further discovery on this matter is required.

Defendant's request for the collective bargaining agreement can only be interpreted as a challenge to the validity of the arbitration award. In <u>Sullivan v. Gilchrist</u>, 87 F.3d 867, 871 (7th Cir. 1996), a defendant did not challenge an arbitration award within the 90-day window, and argued on appeal that the arbitration board lacked jurisdiction because he never signed the collective bargaining agreement and never consented to arbitration. The court held that the defendant waived that defense: "A failure to challenge an arbitration award within the applicable limitations period renders the award final. Where the relief sought is to nullify the arbitration award, the only avenue for such relief is a timely suit to vacate." *Id.* (citation omitted); *see also* <u>Int'l Union of Operating Eng'rs, Local 150 v. Rabine</u>, 161 F.3d 427, 431 (7th Cir. 1998) ("challenges to an arbitrator's jurisdiction are waived if not brought within the 90-day limitations period."). Here defendant claims that the EJAB lacked authority to enforce the award under the collective bargaining agreement, and it thus seeks to nullify the award. Defendant's argument is not new; Solai articulated its basis in her letter to the EJAB, sent three days after the board's decision, and her failure to properly raise and preserve that argument within the 90-day limitations period now precludes her from marshaling it here. Because defendant seeks the collective bargaining agreement to challenge the authority of the EJAB, its request for production of that document is denied.

Defendant also seeks documents in connection with payments made to plaintiff, or any agent of plaintiff, and settlement payments made in another case to a different plaintiff, under the theory that these payments may show that it has already paid some or all of the arbitration award. Objecting to the discovery request, plaintiff argues that defendant's failure to plead payment as an affirmative defense renders documents relating to payment irrelevant.

Defendant failed to plead payment pursuant to FED. R. CIV. P. 8(c), but its pleading deficiency does not bar it from raising the affirmative defense. In this early stage of litigation, inclusion of that defense will cause plaintiff neither surprise nor undue prejudice. *See* Venters v. City of Delphi, 123 F.3d 956, 967 (7th Cir. 1997) (stating that the purpose of Rule 8(c) is "to avoid surprise and undue prejudice to the plaintiff by providing her notice and the opportunity to demonstrate why the defense should not prevail."). Defendant is ordered to amend its answer to include the affirmative defense of payment. *See id.* ("district court has the discretion to allow an answer to be amended to assert an affirmative defense not raised at the outset.").

By disputing the amount of the award defendant may be challenging the validity of the award, or it may be challenging the execution of the award. The distinction is important. If defendant's claim falls into the former category, then its failure to raise the issue of payment before the EJAB would preclude its present argument. By arguing that prior payments may offset the entire arbitration award, defendant appears to attempt to nullify the award, an effort that should have been made in a timely motion to vacate. *See* Sullivan, 87 F.3d at 871. Further, since the award is final, defendant may be barred from challenging the amount. *See* Ill. Dist. Council No. 1 of the Int'l Union of Bricklayers & Allied Craftworkers v. West, 2002 U.S. Dist. LEXIS 15467, *22 (N.D. Ill. 2002) (stating that the failure to file a timely motion to vacate precluded the plaintiff from challenging "the actual amount of the arbitration award."). Yet, we construe defendant's argument to challenge the extent of liability, and not its existence, and by acknowledging the validity of the EJAB's conclusion on the existence of liability, defendant avoids waiver. Because information relating to any payments made by defendant to plaintiff will eventually surface, the court grants defendant's second discovery request, but limits it to documents detailing payments made by defendant to plaintiff after June 24, 2004.

By limiting discovery as such, defendant is precluded from raising any payment defenses that it had available prior to the EJAB decision. Additionally, defendant has not articulated any basis to suggest how payments made to plaintiff prior to the arbitration award could satisfy that award.

Turning to defendant's third discovery request, it seeks documents relating to payments made to different plaintiffs in an unrelated case.[3] It is defendant who should possess or have ready access to the documents, and not plaintiff, who was not a party to the litigation cited by defendant. The documents requested are irrelevant to any payment defense, and defendant's request for their production is denied.

## CONCLUSION

For the foregoing reasons, defendant's first discovery request is granted only for the production of the arbitration award; its second discovery request is granted only for the production of any payments that it made to plaintiff after June 24, 2004; and its third and fourth discovery requests are denied. Plaintiff shall comply by September 27, 2005. Defendant shall respond to the summary judgment motion by October 11, 2005, and plaintiff shall reply by October 21, 2005.

JAMES B. MORAN
Senior Judge, U. S. District Court

Sept. 19, 2005.

---

[3] That case is Divane, et al. v. ComTel Tech. Inc., No. 03-cv-01813 (N.D. Ill.). Defendant does not clarify the connection between Divane and its dispute with plaintiff, except for mentioning that plaintiff's counsel also represented the plaintiffs in Divane.