IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LABOR MANAGEMENT )
COOPERATION COMMITTEE OF )
CHICAGO, )
　　　　　　　　　　　　　　　)
　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　)
　　vs. ) No. 05 C 2850
　　　　　　　　　　　　　　　)
COMTEL TECHNOLOGIES, INC., )
　　　　　　　　　　　　　　　)
　　　　　　Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff seeks to enforce an arbitration award and now moves for summary judgment. The basis of the award is the arbitration board's conclusion that defendant had used a non-signatory subcontractor, contrary to its collective bargaining contract obligations. It failed to seek to vacate the award within the 90-day post-decision time period, which precludes it from challenging the validity of the award. But it has been trying mightily to avoid the consequences of that award. It cannot do so, however, and we deny leave to file a counterclaim and we grant summary judgment for plaintiff.

The gist of the counterclaim and of the defense is plaintiff engaged in fraud when it represented to the arbitration board that the subcontractor was not a signatory because it knew "or should have known" that the subcontractor had gotten bonding and (on information and belief) had executed a Letter of Assent. From the pleadings and arguments it is clear that defendant had not received any such verification from the subcontractor at the time of the subcontract, it did not receive it thereafter (it claims the subcontractor refused to provide the information), and it is not sure about that status now. That is why it wants discovery. But it

is too late.

Arbitration is supposed to be a summary procedure. When the award was granted, almost a year and-a-half ago, if defendant was genuinely surprised by the assertion that its subcontractor was not a signatory, it had 90 days to determine otherwise and move to vacate. Indeed, it should have assured itself that the subcontractor was a signatory before it entered into the relationship. It cannot label what it hopes is true as new evidence or evidence of fraud, and then start over here. *See* <u>Shearson Hayden Stone, Inc. v. Liang</u>, 493 F.Supp. 104 (N.D.Ill. 1980), *aff'd* 653 F.2d 310, 313 (7th Cir. 1981).

Counsel are reminded that a courtesy copy of all electronic filings must be filed with the court.

                                                 JAMES B. MORAN
                                       Senior Judge, U. S. District Court

Nov. 30, 2005.